EXHIBIT 1



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
July 19, 2022 12:45 PM
     PAVAN PARIKH
   Clerk of Courts
 Hamilton County, Ohio
CONFIRMATION 1211724
```

**SEANNECA LIGGINS**  A 2202605

**vs.**

**BRIGHTVIEW LLC**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

## PAGES FILED: 14

EFR200

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| SEANNECA LIGGINS<br>2730 Town Terrace Drive<br>Cincinnati, OH 45251 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| BRIGHTVIEW, LLC<br>6527 Colerain Avenue<br>Cincinnati, OH 45239 | ) ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| **Serve Also:**<br>BRIGHTVIEW, LLC<br>c/o LauerLaw, LLC<br>Statutory Agent<br>335 West Fourth Street<br>Cincinnati, OH 45202 | ) ) ) ) ) ) ) ) | |
| -and- | ) ) | |
| KATHERINE CURE<br>c/o BrightView, LLC<br>6527 Colerain Avenue<br>Cincinnati, OH 45239 | ) ) ) ) ) | |
| -and- | ) ) | |
| VICTORIA SCOTT<br>c/o BrightView, LLC<br>6527 Colerain Avenue<br>Cincinnati, OH 45239 | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Seanneca Liggins, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Liggins is a resident of the city of Cincinnati, Hamilton County, Ohio.

2. Defendant BRIGHTVIEW, LLC, ("BrightView") is a foreign limited liability company that conducts business within the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 6527 Colerain Avenue, Cincinnati, OH 45239.

3. Upon information and belief, Defendant Katherine Cure is a resident of Ohio.

4. Upon information and belief, Defendant Victoria Scott is a resident of Ohio.

5. BrightView is, and was at all times hereinafter mentioned, Liggins's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e and R.C. § 4112 et seq.

6. Defendants Cure and Scott are, and were at all times hereinafter mentioned, owners, managers, supervisors, and/or agents of BrightView, and as such, an employer within the meaning of R.C. §4112.02(J).

7. Within 300 days of the adverse employment actions described herein, Liggins filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00132 ("EEOC Charge").

8. On or about May 3, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Liggins regarding the EEOC Charge.

9. Liggins received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

10. Liggins has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

11. Liggins has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

**JURISDICTION & VENUE**

12. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

13. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and/or (3).

14. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

15. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

**FACTS**

16. Liggins is a former employee of BrightView.

17. At all times noted herein, Liggins was qualified for her position at BrightView.

18. At all times noted herein, Liggins could fully perform the essential functions of her job, with or without a reasonable accommodation.

19. Liggins worked as a Licensed Practical Nurse ("LPN") at BrightView from July 12, 2021, until BrightView unlawfully terminated Liggins's employment on or around September 14, 2021.

20. Liggins is a female/woman, placing her in a protected class for her sex/gender.

21. Towards the end of Liggins's employment, she was pregnant, placing her in a protected class for pregnancy.

22. On or around July 12, 2021, two days after starting with BrightView, Liggins found out she was pregnant.

23. Liggins did not know, nor could she have known, that she was pregnant when she interviewed with BrightView on or around June 15, 2021.

24. On or around July 16, 2021, Liggins sent an email to nurse manager Defendant Victoria Scott that she was suffering from severe nausea and vomiting because she was pregnant.

25. This put BrightView on notice of Liggins's pregnancy.

26. After Liggins disclosed her pregnancy, site manager Defendant Katherine Cure began asking other employees about her pregnancy.

27. Cure told these other employees that she was upset Liggins did not disclose her pregnancy during the interview process.

28. On or around August 8, 2021, other employees told Liggins about these conversations and Cure's interest in any information about Liggins's pregnancy.

29. On or around August 15, 2021, BrightView hired another nurse for Liggins's same position.

30. Liggins was already working with another nurse in a two-nurse position, and the new hire was the third.

31. Scott referenced Liggins's "situation" as the reason why BrightView brought on another nurse. This was implicit discrimination against her for her pregnancy.

32. After hearing this, Liggins sent an email to Scott expressing her concern that her job may be in jeopardy due to her pregnancy.

33. This was a protected complaint of discrimination on the basis of pregnancy.

34. Scott brushed off Liggins's concerns, telling her the new hire had nothing to do with her pregnancy.

35. The new hire began work on or around August 30, 2021, and notably, was outside Liggins's protected class for pregnancy.

36. On or around September 8, 2021, Liggins experienced severe nausea and vomiting during her shift, the "morning sickness" side-effects of pregnancy.

37. Cure specifically instructed Liggins to go home.

38. However, despite this instruction, Liggins received a write-up for an attendance violation.

39. Liggins did not receive any documentation about this alleged violation.

40. Liggins had to call off work again on or around September 10, 2021, due to another spell of nausea and vomiting related to her pregnancy.

41. Liggins sent notice to both Scott and Cure hours before she was required to by BrightView's attendance policy.

42. On or around September 11, 2021, Liggins received a copy of her performance review, in which neither Scott nor Cure mentioned any attendance issues.

43. On or around September 14, 2021, Scott pulled Liggins into the office for a meeting with Cure.

44. Cure asked why Liggins called off work three times.

45. Liggins repeated that her absences were due to her pregnancy.

46. Cure then asked about Liggins's productivity and why she was seated at the front desk for long periods of time.

47. BrightView hired an additional nurse to Liggins's position on August 15, thereby hiring three nurses for a two-nurse position.

48. This meant Liggins did not always have assignments, and this allowed her to fill in for other employees if they had to leave the office.

49. Liggins explained this to Cure.

50. During this meeting, on or around September 14, 2021, Cure terminated Liggins's employment.

51. Cure alleged that Liggins violated the 90-day probationary period for calling off work.

52. Liggins gave ample notice to BrightView whenever she missed work.

53. Liggins scheduled appointments weeks in advance and gave notice hours before the 9:00 am deadline pursuant to BrightView's attendance policy.

54. Other BrightView employees who were not pregnant could leave in the middle of the day without reprimand if they were feeling sick.

55. The above facts demonstrate that Defendants engaged in a pattern and practice of sex/gender and pregnancy discrimination.

56. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful retaliation.

57. There was a causal connection between Liggins's pregnancy and Defendants' termination of Liggins.

58. As a result of BrightView's acts and omissions, Liggins has suffered, and will continue to suffer, damages.

### COUNT I: PREGNANCY DISCRIMINATION IN VIOLATION OF R.C. § 4112 *et seq.* (Defendant BrightView Only)

59. Liggins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

60. Liggins is a member of a statutorily protected class based on her sex/gender and pregnancy under R.C. § 4112 et seq.

61. Liggins was qualified for and could fully perform the essential functions of her job.

62. During her employment with BrightView, Liggins disclosed she was pregnant to Defendant.

63. Defendant had notice of Liggins's pregnancy.

6

64. Defendant treated Liggins differently than other similarly situated employees based on her pregnancy.

65. Defendant discriminated against Liggins on the basis of her pregnancy throughout the end of her employment with the company.

66. Defendant terminated Liggins's employment.

67. Defendant's termination of Liggins was an adverse employment action against her.

68. Defendant's cited reason(s) (or lack thereof) for Liggins's termination are pretextual.

69. Defendant actually terminated Liggins's employment because of her pregnancy.

70. Defendant violated R.C. § 4112 et seq. when it terminated Liggins's employment based on her pregnancy.

71. Defendant's discrimination against Liggins based on her pregnancy violates R.C. § 4112 et seq.

72. As a direct and proximate result of Defendant's conduct, Liggins suffered and will continue to suffer damages.

## COUNT II: PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII and THE PREGNANCY DISCRIMINATION ACT
### (Defendant BrightView Only)

73. Liggins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Liggins is a member of a statutorily protected class based on her sex/gender and pregnancy under Title VII.

75. Liggins was qualified for and could fully perform the essential functions of her job.

76. During her employment with BrightView, Liggins disclosed she was pregnant to Defendant.

77. Defendant had notice of Liggins's pregnancy.

78. Defendant treated Liggins differently than other similarly situated employees based on her pregnancy.

79. Defendant discriminated against Liggins on the basis of her pregnancy throughout the end of her employment with the company.

80. Defendant terminated Liggins's employment.

81. Defendant's termination of Liggins was an adverse employment action against her.

82. Defendant's cited reason(s) (or lack thereof) for Liggins's termination are pretextual.

83. Defendant actually terminated Liggins's employment because of her pregnancy.

84. Defendant violated Title VII when it terminated Liggins's employment based on her pregnancy.

85. Defendant's discrimination against Liggins based on her pregnancy violates Title VII.

86. As a direct and proximate result of Defendant's conduct, Liggins suffered and will continue to suffer damages.

## COUNT III: GENDER DISCRIMINATION UNDER TITLE VII
### (Defendant BrightView Only)

87. Liggins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Liggins is a member of a statutorily protected class based on her gender and pregnancy under Title VII.

89. Defendant treated Liggins differently than other similarly situated employees based on her gender and pregnancy.

90. Defendant discriminated against Liggins on the basis of her gender and pregnancy throughout her employment with the company.

91. Defendant terminated Liggins's employment without just cause.

8

92. Defendant terminated Liggins's employment based on her gender and pregnancy.

93. Defendant's discrimination against Liggins based on her gender and pregnancy violates Title VII.

94. Liggins suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

95. As a direct and proximate result of Defendant's conduct, Liggins suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT IV: GENDER DISCRIMINATION UNDER R.C. § 4112
### (Defendant BrightView Only)

96. Liggins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

97. Liggins is a member of a statutorily protected class based on her gender and pregnancy under R.C. § 4112.02.

98. Defendant treated Liggins differently than other similarly situated employees based on her gender and pregnancy.

99. Defendant discriminated against Liggins on the basis of her gender and pregnancy throughout her employment with the company.

100. Defendant terminated Liggins's employment without just cause.

101. Defendant terminated Liggins's employment based on her gender and pregnancy.

102. Defendant's discrimination against Liggins based on her gender and pregnancy violates R.C. § 4112.01 *et seq.*

103. Liggins suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

104. As a direct and proximate result of Defendant's conduct, Liggins suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: RETALIATORY DISCRIMINATION

105. Liggins restates each and every prior paragraph of this complaint, as if it were fully restated herein.

106. As a result of the Defendants' discriminatory conduct described above, Liggins complained about the discrimination she was experiencing for her pregnancy.

107. Subsequent to Liggins reporting of the discrimination for pregnancy to her supervisor, Liggins's employment was terminated and she was replaced by a non-pregnant employee.

108. Defendants' actions were retaliatory in nature based on Liggins's opposition to the unlawful discriminatory conduct.

109. Pursuant to Title VII and R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

110. Liggins suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

111. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Liggins, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
### (Defendants Cure and Scott Only)

169. Liggins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

10

170. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

171. Cure and Scott aided, abetted, incited, coerced, and/or compelled BrightView's discriminatory termination of Liggins.

172. Cure and Scott aided, abetted, incited, coerced, and/or compelled BrightView's discriminatory treatment of Liggins.

173. Cure and Scott violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

174. Liggins suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

175. As a direct and proximate result of Defendants' conduct, Liggins has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Liggins demands from Defendants the following:

a) Issue a permanent injunction:

   i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendants to expunge Liggins's personnel file of all negative documentation;

c) An award against each Defendants for compensatory and monetary damages to compensate Liggins for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendants in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Liggins claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

    __/s/ Evan R. McFarland_____

12

        Evan R. McFarland (0096953)
        Matthew G. Bruce (0083769)
            Trial Attorney
        Brianna R. Carden (0097961)
        **THE SPITZ LAW FIRM, LLC**
        Spectrum Office Tower
        11260 Chester Road, Suite 825
        Cincinnati, OH 45246
        Phone: (216) 291-0244 x173
        Fax:    (216) 291-5744
        Email: Matthew.Bruce@SpitzLawFirm.com
        Email: Evan.McFarland@SpitzLawFirm.com
        Email: Brianna.Carden@SpitzLawFirm.com

        *Attorneys for Plaintiff Seanneca Liggins*

## JURY DEMAND

Plaintiff Seanneca Liggins demands a trial by jury by the maximum number of jurors permitted.

           /s/ Evan R. McFarland
      Evan R. McFarland (0096953)

14